IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUVENAL CALVILLO GALVAN, <br>    *Plaintiff*, <br> <br> VS. <br> <br> EFT EXPRESS SA DE CV AND <br> HIPOLITO HERNANDEZ PONCE, <br>    *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.:   5:24-CV-00047 <br> <br> JURY TRIAL DEMANDED |

**DEFENDANT HIPOLITO HERNANDEZ PONCE'S FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant HIPOLITO HERNANDEZ PONCE (hereinafter "Hernandez Ponce"), and files this First Amended Answer and Affirmative Defenses to Plaintiff's Original Complaint. The paragraphs in this Answer are numbered to correspond with the paragraph numbers in Plaintiff's Original Complaint. In support thereof, Hernandez Ponce would respectfully show this Honorable Court as follows:

**I.   Answer**

1.1. Paragraph 1.1 does not need to be admitted or denied.

2.1. Hernandez Ponce does not dispute Plaintiff is a resident of Webb County, Texas.

2.2. Hernandez Ponce lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 2.2.

2.3. Hernandez Ponce admits he is a resident of Nuevo Laredo, Tamaulipas, Mexico. Hernandez Ponce denies the rest of the allegations contained in Paragraph 2.3. Hernandez Ponce is a Mexican national with permanent residence and domicile at the following address: Amado Guadarrama #39, Col. Benito Juarez, Nuevo Laredo, Tamaulipas, Mexico 88274.

3.1.    Hernandez Ponce lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 3.1.

3.2.    Hernandez Ponce lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 3.2.

4.1.    Hernandez Ponce admits the incident in question occurred in Laredo, Texas on or about February 20, 2023. Hernandez Ponce admits he was driving in the course and scope of his employment with EFT EXPRESS SA de CV at the time of the collision. Hernandez Ponce denies the remainder of the allegations contained in Paragraph 4.1.

5.1.    Hernandez Ponce denies the allegations contained in Paragraph 5.1.

5.2.    Hernandez Ponce denies the allegations contained in Paragraph 5.2.

5.3.    Hernandez Ponce denies the allegations contained in Paragraph 5.3.

5.4.    Hernandez Ponce denies the allegations contained in Paragraph 5.4.

6.1.    Hernandez Ponce denies the allegations contained in Paragraph 6.1 (A-F).

6.2.    Hernandez Ponce denies the allegations contained in Paragraph 6.2 (A-F).

7.1.    Hernandez Ponce denies the allegations contained in Paragraph 7.1.

7.2.    Hernandez Ponce denies the allegations contained in Paragraph 7.2 (a) – (g).

8.1.    Hernandez Ponce denies the allegations contained in Paragraph 8.1.

9.1    Hernandez Ponce denies the allegations contained in Paragraph 9.1

10.1.   Paragraph 10.1 does not need to be admitted or denied.

11.1    Paragraph 11.1 does not need to be admitted or denied.

12.1    Paragraph 12.1 does not need to be admitted or denied.

13.1    Paragraph 13.1 does not need to be admitted or denied.

14.1    Paragraph 14.1 does not need to be admitted or denied.

15.1    Paragraph 15.1 does not need to be admitted or denied.

## II.    Affirmative Defenses

16.1    In the alternative, and subject to the foregoing without waiving same, Hernandez Ponce is not liable to Plaintiff because Hernandez Ponce was not negligent the day the incident occurred and was reasonably safe at all times.

**Preexisting Injuries & Subsequent Conditions**

17.1    Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from a pre-existing condition, not caused by any action or inaction on the part of this Defendant, Hernandez Ponce would show that Plaintiff is entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

17.2    In the alternative, subject to the foregoing without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from a subsequent condition, injury and/or accident not caused by any action or inaction on the part of Defendant, Hernandez Ponce would show that Plaintiff is not entitled to recover from the injuries and damages caused by the subsequent condition, injury and/or accident.

**Unavoidable Accident**

18.1    In the alternative, and subject to the foregoing without waiving same, Hernandez Ponce alleges the accident made the basis of this suit was an unavoidable accident as said term is recognized by law.

**Failure to Mitigate Damages**

19.1    In the alternative, and subject to the foregoing, without waiving same, Hernandez Ponce would show that Plaintiff failed to mitigate his injuries and/or damages in the above-entitled cause of action.

**Proof of Certain Losses**

20.1 In the alternative, and subject to the foregoing without waiving same, Hernandez Ponce herein would show that according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff's alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

**Evidence Relating to Amount of Economic Damages**

21.1 In the alternative, and subject to the foregoing without waiving same, Hernandez Ponce herein would show that according to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE recovery of medical and health care related expenses should be limited to the amount actually paid or incurred.

**Acts of Third Parties**

22.1 Pleading further, and subject to the foregoing, without waiving same, Hernandez Ponce herein would show that the incident complained of in Plaintiff's Original Complaint was caused by the negligence, carelessness, and/or fault on the part of third parties or instrumentalities over which Hernandez Ponce had no control.  Said negligence, carelessness, and/or comparative fault on the part of such third party was either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

**Separate & Intervening Cause**

23.1 Pleading further and subject to the foregoing, without waiving same, Hernandez Ponce herein would show that if Plaintiff sustained any injuries, disabilities, or other damages from the incident forming the basis of this lawsuit (which is denied), such injuries, disabilities, or damages were not caused by or related to Hernandez Ponce's acts, omissions or operations, and was

proximately caused, in whole or in part, by (a) separate and intervening condition(s) for which Hernandez Ponce is not responsible.

**Comparative & Contributory Negligence**

24.1    In the alternative, and subject to the foregoing without waiving same, Hernandez Ponce alleges the comparative negligence of Plaintiff, in failing to use ordinary care, was a proximate cause or the sole proximate cause of their damages, if any.  Hernandez Ponce requests that, at trial of this case, the jury, pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 32 and 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, all Responsible Third Parties.

**Evidence Relating to Amount of Exemplary Damages**

25.1    Pleading further, and subject to the foregoing, without waiving same, Hernandez Ponce herein would show Plaintiff's recovery of exemplary damages, if any, is limited by Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.  To the extent the Court deems it appropriate to submit an exemplary damages question to the jury in this matter, the jury should be instructed as required by Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.  Hernandez Ponce hereby pleads all of the limitations on and defenses to exemplary damages set forth in Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

**Pre-Judgment & Post-Judgment Interest**

26.1    In the event of any recovery whatsoever by the Plaintiff, Hernandez Ponce affirmatively pleads the provisions of the TEXAS FINANCE CODE, and would respectively show that the recovery of pre-judgment and post-judgment interest is subject to, and limited by the provisions thereof, including, but not limited to §304.003, 304.005, 304.103, 304.104, 304.1045 ad 304.107. Any recovery of prejudgment interest by Plaintiff also should be limited by § 41.007 of the TEX. CIV.

PRAC. & REM. CODE. Further, Section 304.105 of the TEXAS FINANCIAL CODE applies when settlement offers have been made. See TEX. FIN. CODE § 304.105.

## Jury Demand

27.1    Hernandez Ponce demands a trial by Jury.

## Rule 193.7 Notice

28.1    Hernandez Ponce hereby gives actual notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, any and all documents produced by any party will be used at any pre-trial proceed and/or at the trial of this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Hipolito Hernandez Ponce prays Plaintiff takes nothing by reason of this suit, that Defendant herein be released, discharged, and acquitted of the charges, that it go hence with its costs, without delay and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Chaz D. Klaes*
CHAZ D. KLAES
Attorney in Charge
TBN: 24083312
Texas Federal ID No. 1760067
cklaes@wwhgd.com
Direct Line: 346.583.6921
HUGO C. DIAZ
TBN: 24116284
Texas Federal ID No. 3801930
hdiaz@wwhgd.com
Direct Line: 346.583.6924
1000 Louisiana St., Ste. 3850
Houston, Texas 77002
Fax: 713.979.4900

**ATTORNEYS FOR DEFENDANTS EFT EXPRESS SA DE CV & HIPOLITO HERNANDEZ PONCE**

**CERTIFICATE OF SERVICE**

    I hereby certify that, on the 9th day of May 2025, a true and correct copy of the above and foregoing has been served on all counsel of record by:

☐ certified mail, return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission; ☒ electronic transmission on all counsel.

                                                */s/ Hugo C. Diaz*
                                                Hugo C. Diaz